## In re JONES

No. 4182.  Decided Sept. 13, 1926.  (249 P. 803.)

*Harvey H. Cluff,* Atty. Gen., *W. Hal. Farr,* Asst. Atty Gen., and *Roy D. Thatcher,* of Ogden, for petitioners.

*Thos. Marioneaux,* of Salt Lake City, for respondent.

CHERRY, J.

After investigation by committee appointed by this court a petition for disbarment of Ricy H. Jones, a member of the

bar of this court hereinafter called defendant, was filed, in which formal charges of misconduct were set forth. An answer generally denying the charges was filed by the defendant, whereupon Hon. George S. Barker, a judge of the Second judicial district, was appointed referee to take the testimony to be adduced by the respective parties and to report the same. Pursuant thereto the referee conducted a hearing of the matter at Brigham City, Box Elder county, on the 3d, 4th, and 5th days of November, 1925, at which the evidence offered for the respective parties was received and later certified to this court. The matter was argued orally at the February, 1926, term by respective counsel and submitted for our decision. In behalf of the defendant a written brief has been filed. The order of reference merely required the referee to take the evidence and report it. He was not required to and did not make any findings of fact upon the evidence.

There are five different charges formally and specifically alleged. Three of them pertain to appearing as attorney for parties without authority and may be condensed into one. The other two charges respectively relate to changing the name of a grantee in a deed after its execution and to deceiving the judge of the district court by obtaining his signature to certain findings of fact containing matter which the judge had previously ordered stricken. As so condensed, the charges, in substance, are:

(1) That defendant corruptly and wilfully, and without authority, appeared as attorney for John H. Burt,, Stohl Furniture Company, Brigham City, E. H. Jones, and William Davis in one or more of three civil action or proceedings commenced or pending in the district court of Box Elder county.

(2) That he wrongfully and unlawfully and with intent to hinder and delay and defraud his creditors, and after the same had been executed and delivered, changed the name of the grantee in a certain deed from Ricy H. Jones (his own

name) to Ricy W. Jones (the name of his son), and as so altered caused the deed to be recorded in the office of the county recorder of the county in which the land conveyed by the deed was situate.

(3) That he wilfully disobeyed and misled the judge of the district court of Box Elder county and obtained the signature of said judge to certain findings of fact, etc., in a certain action which had been tried before and was to be decided by said judge containing certain specified matters which the judge had previously directed the defendant to eliminate and "bracket out" from the proposed findings, etc. That on account of such sharp practice the judge had directed a new trial in the action.

We have carefully examined the evidence taken and certified to us by the referee. The record is quite voluminous and contains much documentary matter exhibiting the various legal proceedings in which the alleged acts of misconduct were committed. The gist of the matter, however, may be briefly stated:

The principle accusation, and to which the most of the evidence was directed, is that the defendant without authority appeared as attorney for the persons named. The acts charged arose in the course of very bitter family litigation over the right to the property of a deceased brother of the defendant. Another surviving brother claimed the property by virtue of a will and a deed, both executed by the deceased shortly before his death. The defendant herein, with numerous other heirs and certain creditors, disputed the validity of the will and opposed its admission to probate. They also brought an action to set aside the deed, and brought a third action in the nature of a creditors' bill seeking to set aside subsequent transfers, mortgages, etc. It is in these proceedings that the defendant is alleged to have made the persons named parties and appeared as attorney for them respectively without authority. Neither of them was a

necessary party, and in the case of the probate of the will those who were joined as creditors were not even proper parties. There were numerous parties to each of the proceedings, both heirs and creditors, ample to maintain the actions without the persons claimed to have been joined without authority.

The record shows that the relationship of the five persons named in the charges to the litigation and the manner in which they were made parties thereto were as follows: J. H. Burt was a half-brother of the deceased. He testified that he did not desire to engage in the litigation, and that he assigned his interest in the matter to his sister, Emma J. Stephens. In two of the actions the name of J. H. Burt appeared in the title as a party plaintiff, but in the body of the pleading in each case the fact of his assignment of his interest to Emma J. Stephens, who was an authorized party, was indicated. He testified that he gave no authority to the defendant to make him a party or to act as his attorney. Thereafter, upon his application to the court, the proceedings were dismissed as to him. Stohl Furniture Company was a creditor of deceased in the sum of $10, and Brigham City had a claim amounting to $15. It is undisputed that these claims had been presented to the defendant, and he was furnished with statements thereof with the request that he obtain the payment of them. In the legal proceedings mentioned these two creditors were made parties along with numerous heirs and other creditors. Thereafter, and when their claims had been paid by the parties sued, upon their application and the statement that their appearance had been unauthorized, the court dismissed the proceedings as to them. E. H. Jones, a brother of the deceased, testified that the defendant had authority to make him a party and to act as his attorney in the proceedings. W. E. Davis as assignee, was a creditor. He was an attorney at law. He was made a party. Afterwards, upon his application, the proceedings were dismissed as to him. He stated that "to the best of his recollection" he had not authorized the defendant to re-

present him in the litigation. The defendant, on the other hand, positively asserted that Davis had authorized him to act and had advanced $5 or $10 for costs.

The litigation prosecuted by the defendant, and in which the persons named are alleged to have been made parties without authority, was generally successful. There was no injury whatever resulting to any of the persons by reason of the alleged acts of the defendant, and in each case there was, upon the facts, at least sufficient color of authority to preclude the conclusion that the defendant corruptly or wilfully acted as attorney for either of them without authority.

Comp Laws Utah 1917, § 331, provides for the removal or suspension of an attorney, among other causes, for "corruptly or wilfully and without authority appearing as attorney for a party to an action or proceeding." That the defendant appeared as attorney for some of the parties named without authority may be conceded, but there is nothing in the evidence or the circumstances of the case to support or justify a finding that such appearance was corrupt or wilful. For the reasons stated this charge is not sustained by the evidence.

The facts with respect to the alteration of the name of the grantee in the deed referred to in the charges were undisputed. E. H. Jones, a brother of the defendant, had the legal title to a dwelling house in Brigham City worth $3,000 subject to a lease for life to his mother. In consideration of certain payments to be made to his mother, E. H. Jones desired to transfer his title. The defendant undertook to take the property and make the payments upon the understanding with E. H. Jones, the grantor, that if Ricy W. Jones, a son of defendant, would thereafter make the payments that the deed be made in his name. Upon this understanding a deed was executed by E. H. Jones, grantor, to the defendant, Ricy H. Jones, as grantee. The name of the grantee was written in the deed in pencil. The

other written portions were in ink. The deed was not recorded at that time. Later to support his title to the property in certain legal proceedings, the defendant introduced the deed in evidence in the district court of Box Elder county. After the litigation had been concluded and the deed returned to him, defendant altered the name of the grantee in the deed by writing in ink the name of Ricy W. Jones, his son, as grantee, and as so altered caused the deed to be recorded. There was evidence that the defendant's son, Ricy W. Jones, had paid the consideration for the property and was entitled to the deed. The grantor in the deed testified that the name of the grantee was changed with his knowledge and consent. The only fraud or wrong resulting from the transaction is the claim that the defendant thereby intended to and did defraud his creditors. It was proved that several unpaid judgments were of record in the district court of Box Elder county against the defendant. The act was not committed by the defendant in his capacity as attorney at law, and it is not clear that moral turpitude was involved. The rule as stated in 6 C. J. 600, is that an attorney will not be disbarred for misconduct not in his professional capacity unless such conduct is infamous or very gross. The circumstances under which the alteration of the deed in question was made, as shown by the undisputed evidence, were such that we are unable to say that the conduct of the defendant was anything more serious than an impropriety and irregularity. It is not sufficient ground for his suspension or removal as a member of the bar.

The substance of the charge relating to the obtaining the signature of the judge of the district court to certain finding by deception was not proved. The judge, having died before the hearing, was therefore not a witness. The evidence on the subject in support of the charge consisted of the original findings which were signed by the judge on September 22, 1920, and a subsequent minute order granting a new trial. The minute order contained recitals that the court had refused to make the particular

finding referred to and had requested that the same be re-written, and that upon presentation for signature the court was informed that the correction had been made. The order further recites that the court called the attention of R. H. Jones (the defendant herein), who prepared the findings and decree, to errors therein, and that he consented to certain modifications and refused to consent to others, whereupon the court granted a new trial of the action.

The defendant denied practicing any deception or misrepresentation in the transaction, and asserted that the judge himself struck out portions of the proposed findings and added other matter in his own handwriting and signed and filed the findings in the absence of the defendant. The original findings, which were produced in evidence, tend strongly to support and corroborate the defendant's version of the matter. The subject-matter involved was not of material consequence. The action was by certain heirs and creditors to set aside a deed, and the finding in question related to whether a portion of the alleged creditors were in fact creditors and the amounts of their respective claims. There were other competent plaintiffs, both heirs and creditors, and no judgment was entered determining the amount due any creditor. The judgment in the action must have been the same whether the particular alleged creditors had been recognized as such or not. We find this charge to be lacking in substance besides not supported by the evidence.

At the request of this court the unpleasant task of investigating this matter and presenting it to the court was undertaken by Roy D. Thatcher, Esq., and W. Hal. Farr, Esq., both members of the bar of this court. They have conducted the matter in an able and impartial manner and deserve the thanks of the court and of the bar of the state.

The proceedings are dismissed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.